**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| | : |
| OSCAR SELIG SCHERMER, | : |
| DEBTOR | : BANKRUPTCY NO. 07-14446 SR |
| | |
| JOSEPH EDWARD HYDOCK, II, | : |
| PLAINTIFF, | : |
| V. | : |
| OSCAR S. SCHERMER, | : ADVERSARY NO. 07-373 |
| DEFENDANT. | : |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction**.

Before the Court is Debtor's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) ("Motion"). Debtor, Oscar S. Schermer ("Defendant"), contends that the Complaint to Determine Dischargeability of Debt ("Complaint"), which Joseph Hydock, II ("Plaintiff") filed in this adversary proceeding, should be dismissed.

The Complaint asserts that Defendant's debt to Plaintiff should be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), 523(a)(6) and 523(a)(19). However, at the hearing on the Motion, Defendant conceded that the Complaint fails to state claims under §§523(a)(2)(B) and 523(a)(19), thereby narrowing the exceptions at issue to §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6). *See* Transcript, dated Feb. 26, 2006, at 16, 25. Upon consideration, the Motion shall be denied.

**Background**

The facts set forth herein are based upon the allegations set forth in the Complaint and its

attachments.  The factual allegations of the Complaint are accepted as true.

Plaintiff is the father of Joseph Hydock, III, deceased, and the sole heir of his son's estate.  *Complaint ¶ 2.*  Plaintiff was also named as the executor of the estate, but he renounced his right to administer the estate to his daughter, Danielle Stauffer ("Daughter").  *Id. ¶ 5.* Daughter was appointed as administratrix of the estate; she hired Defendant, who is a lawyer, to represent her in her capacity as administratrix.  *Id.* ¶ 6.  During this time and throughout these occurrences, Defendant knew or should have known, that Plaintiff could not read or write and that he was not represented by counsel.  *Id.* ¶ 8.

At Daughter's request, Defendant prepared a disclaimer ("Disclaimer") for Plaintiff to execute renouncing his beneficial interest in the estate.  *Id. ¶ 7.* Daughter convinced Plaintiff to sign the Disclaimer.  *Id.* On December 12, 2002, Daughter, as administratix of her brother's estate, filed Plaintiff's Disclaimer.  *See Judge Herron's opinion,[1] dated July 11, 2007 (attached as Exhibit 2 to the Complaint)* at 2.

Thereafter, Plaintiff obtained counsel and filed a Petition to Set Aside the Disclaimer and to remove Daughter as administratrix of the Estate.  *Id.* ¶ 9.  By Decree, dated February 22, 2006, Judge Herron granted the relief sought and ordered Daughter to file an Account.  *Id. ¶ 10.* In the opinion accompanying the Decree, Judge Herron stated that Defendant's "December 5 preparation of the two page disclaimer <u>directly</u> <u>facilitated</u> the substantial and unforgivable acts of fraud which occurred in this matter and might have been avoided had independent counsel been obtained by [the Plaintiff]."  *See Judge Herron's Opinion, dated February 22, 2006 (attached as Exhibit 1 to the Complaint)* at 12 (underlining added).  Judge Herron, did not, however conclude

---

[1] Judge Herron is a judge in the Orphan's Court of the Philadelphia Court of Common Pleas.

that Defendant had engaged in fraud.

On May 6, 2006, Daughter filed her Account with the Orphan's Court. *Complaint* ¶ 12; <u>see</u> <u>also</u> *Judge Herron's Opinion, dated July 11, 2007,* at 4. Plaintiff filed objections to the Account wherein he raised various issues and asserted a surcharge against the Defendant under 42 Pa.C.S.A. §2503 for costs and attorneys' fees which Plaintiff incurred in the litigation to set aside the Disclaimer, to have his Daughter removed as administratrix; and "for other matters germane to Plaintiff's interest in the estate."[2] *Complaint ¶ 12 & Judge Herron's Opinion, dated July 11, 2007,* at 5.

Defendant filed Preliminary Objections to Plaintiff's Objections. *Id. ¶*13. In his Preliminary Objections, Defendant requested the Court to dismiss Plaintiff's Objections to the Account to the extent Plaintiff sought to "surcharge him and/or his law firm for attorney fees[.]" *Judge Herron's Opinion, dated July 11, 2007,* at 4.

In a Decree, dated July 11, 2007, Judge Herron overruled the Defendant's Preliminary

---

[2] Section 2503 of Title 42 states, in pertinent part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> * * *
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
>
> * * *
>
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

42 Pa.C.S. §2503(7) & (9).

3

Objections and ordered a hearing to be held on August 14, 2007 "to consider the reasonableness of the fees and costs claimed in the representation of Joseph Hydock, Jr. in the disclaimer litigation." *Decree, dated July 11, 2007 (attached as Exhibit 2 to Complaint.)*[3]  In the opinion accompanying the July 11th Decree, Judge Herron observed that the record in the Disclaimer litigation "is replete with 'dilatory, obdurate and vexatious conduct'" and that, in the "instant case, attorney and client [ ] worked together in a vexatious and dilatory fashion to the unfair detriment of an opposing party – Mr Hydock." *Judge Herron's Opinion, dated July 11, 2007* at 13.  Judge Herron further stated:

> [Daughter] with the assistance of her counsel engaged in protracted litigation to defeat Mr. Hydock's petition to set aside the disclaimer, filing petitions for discovery, a motion for summary judgment, as well as an appeal of the adverse ruling – which was subsequently abandoned – and filing her account months after it was due.  Moreover, even in this Account, the former administratrix, with the same counsel listed on the cover sheet, failed to identify Hydock in the Proposed Statement of Distribution as the intestate beneficiary of the estate stating, instead, that distribution was "to be determined by the Court Order."  This conduct is likewise "dilatory, obdurate or vexatious" under section 2503(7).  It cannot be attributed to the administratrix alone, but was clearly facilitated by her counsel.  Neither the administratrix nor her counsel can plead ignorance of Mr. Hydock's status as the sole beneficiary since the record indicates that he and his son's deceased mother were listed on July 10, 2002 petition for the grant of letters as the sole beneficiaries of the estate.

*Id. at* 13-14.   Based on his observations and conclusions, Judge Hydock ruled that Plaintiff's claim to recover attorney's fees from Defendant and his law firm was valid under 42 Pa.C.S.A. §2503(7) & (9).

---

[3] In response to the Account which Daughter filed, Plaintiff also filed a cross-petition for summary judgment on the issue of the surcharge.  Judge Herron concluded that summary judgment could not be granted because "[t]he award of attorneys fees falls within the discretion of the court, which must make a factual determination as to the reasonableness of fees incurred." *Judge Herron's Opinion, dated July 11, 2007,* at 19-20.

On August 2, 2007, Defendant filed his bankruptcy case, thereby staying the hearing which Judge Herron scheduled on August 14, 2007 to determine the reasonableness of Plaintiff's attorneys' fees.  On November 1, 2007, Plaintiff filed his Complaint seeking to have Defendant's debt to him for attorneys' fees and costs held non-dischargeable.

**<u>Discussion</u>**

*Standard of Review*

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may consider the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.  *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The court must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, ___ U.S. ___, ___, 127 S. Ct. 2197, 2200 (2007), and view all reasonable factual inferences in the light most favorable to the plaintiff, *Angelastro v. Purdential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (1997).   "Dismissal is warranted if the allegations of a complaint are not 'enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Access Insurance Holdings, Inc. v. Lincoln General Insurance Company*, 2008 WL 859222, at *1 (E.D. Pa. March 28, 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted)).

*Purpose of Dischargeability Exceptions*

The principle purpose of the Bankruptcy Code is to grant a fresh start to the poor but honest debtor. *See Marrama v. Citizens Bank*, ___ U.S. ___, ___, 127 S.Ct. 1105, 1107 (2007).

5

The Bankruptcy Code provides "a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (*quoting Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)). However, since it is only the honest but unfortunate debtor who is entitled to "a completely unencumbered new beginning", *Grogan*, 498 U.S. at 287, the Bankruptcy Code excepts certain debts from discharge.

*Analysis of Plaintiff's Nondischargeability Claims under Rule 12(b)(6)*

*A. Whether the Complaint states a claim under §523(a)(2)(A)?*

A debt may be excepted from discharge under §523(a)(2)(A) if it was "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent it was obtained by false pretenses, a false representation or actual fraud." 11 U.S.C. §523(a)(2)(A). Based on the plain language of this statutory provision, courts have held that a debtor must have obtained money, property, services, etc. through "false pretenses, false representation or actual fraud" for this discharge exception to apply. *See Nunnery v. Roundtree (In re Roundtree), 478 F.3d 215, (4th Cir. 2007)* (even though defendant who worked for an insurance company acted deceitfully by obtaining videotape of plaintiff engaging in physical activities under the guise of being her friend, defendant did not obtain money, services, etc. through her fraud so §523(a)(2)(A) exception to discharge did not apply); *Fledderman v. Glunk (In re Glunk)*, 343 B.R. 754, 758 (Bankr. E.D. Pa. 2006) (concluding that "[t]he plain language the statute unambiguously requires, as a threshold matter, that something of value - specifically money, property, services or an extension, renewal or refinancing of credit - be transferred to the debtor from the creditor to sustain a claim under §523(a)(2)(A)). *See also Cohen v. De La Cruz*, 523 U.S. 213, 218

6

(1998) ("Once it is established that specific money or property has been obtained by fraud [ ], 'any debt' arising therefrom is excepted from discharge."). Viewing all reasonable inferences in the light most favorable to the Plaintiff, this requirement has not been met. While the Complaint alleges that Plaintiff incurred attorneys' fees and costs for which Defendant should be held liable, it does not allege that Defendant obtained money, property, services, etc., as a result of false pretenses, false representations or actual fraud. Moreover, the Complaint does not allege nor did Judge Herron ever conclude in his opinions (which Plaintiff made a part of the Complaint) that Defendant engaged in false pretenses, made false representations or committed actual fraud.[4]

### B. Whether the Complaint states a claim under §523(a)(4)?

Pursuant to §523(a)(4), any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is excepted from discharge. 11 U.S.C. §523(a)(4). The Complaint fails to assert a claim under this provision because it fails to allege that Defendant committed fraud, defalcation, embezzlement or larceny.

As noted above, the Complaint does not allege fraud nor did Judge Herron conclude in either of his opinions that Defendant committed fraud. Rather, Judge Herron strongly suggested that Defendant's conduct assisted or enabled Daughter to commit fraud against her father.

Defalcation, for purposes of §523(a)(4), occurs "when a fiduciary misappropriates or fails to account for money or other property held in trust for another." *Pennsylvania Lawyers Fund*

---

[4] Judge Herron observed that: (i) in September of 2002, Defendant violated his duty under Rule 4.3 of the Pennsylvania Rules of Civil Professional Conduct by failing to advise Plaintiff, who was unrepresented at the time, to retain counsel; and (ii) Defendant's preparation of the "two page disclaimer directly facilitated the substantial and unforgivable acts of fraud which occurred in this matter[.]" *Judge Herron's Opinion, dated February 22, 2006, at* 11-12. However, Judge Herron never concluded that Defendant engaged in false pretenses or actual fraud or that he made false representations.

*for Client Security v. Baillie (In re Baillie)*, 368 B.R. 458, 469 (Bankr. W.D. Pa. 2007) (*citing Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1186 (9th Cir. 1996)). *See also Commonwealth Land Title Co. V. Blaszak (In re Blaszak)*, 397 F.3d 386, 390 (6th Cir. 2005) (*quoting Capital Indemnity Corp. V. Interstate Agency, Inc. (In re Interstate Agency)*, 760 f.2d 121, 125 (6th Cir. 1985) (internal quotations omitted)) (defining defalcation as "embezzlement and misappropriation by a fiduciary, as well as the 'failure to account for such funds.'"). There are no allegations in the Complaint that Defendant misappropriated or failed to account for money.

Embezzlement is the "'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.'" *Borchardt v. Ferrell (In re Ferrell)*, 2006 WL 1997423, at * 9 (Bankr. E.D. Pa. June 14, 2006) (*quoting Moore v. United States*, 160 U.S. 268, 269 (1895)). Larceny, on the other hand, occurs when "'the original taking of the property was unlawful.'" *Mosier v. Oxley (In re Oxley)*, 2007 WL 2407266, at *6 & n.24 (Bankr. D. Kan. August 20, 2007) (*quoting* 4 Collier on Bankruptcy ¶523.10[2] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2007)). Plaintiff has not alleged that Defendant engaged in embezzlement or larceny.

### C. Whether the Complaint states a claim under §523(a)(6)?

Section §523(a)(6), excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). A debtor's actions are "willful and malicious" for purposes of this discharge exception "only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result." *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994).

In Judge Herron's opinion, dated July 11, 2007, he concluded that Plaintiff is entitled to recover from Defendant and his law firm the reasonable attorneys' fees which Plaintiff incurred

8

in the Disclaimer litigation under 42 Pa.C.S. §2503(7) & (9). These provisions entitle a "participant" to recover "reasonable counsel fees as part of the taxable costs of the matter" against a participant "for dilatory, obdurate or vexatious conduct during the pendency of a matter," see 42 Pa.C.S.A. § 2503(7), or against another party if its conduct in commencing a matter was "arbitrary, vexatious or in bad faith," see 42 Pa.C.S.A. § 2503(9). In concluding that Plaintiff was entitled to his reasonable attorneys' fees under these provisions, Judge Herron noted that the term "participant" as used subsections (7) and (9) is defined as "[l]itigants, witnesses and their counsel."[5] Judge Herron's Opinion, dated July 11, 2007, at 14 (*quoting* 42 Pa.C.S.A. §102). Judge Herron concluded that since Defendant was counsel for Daughter who was the administratrix of the estate when the Disclaimer was filed and while the litigation to set aside the Disclaimer ensued, Defendant constituted a "participant" in the litigation. Judge Herron summarized the factual basis underlying his conclusion that Defendant is liable to Plaintiff under §2503(7) & (9) for the attorney's fees which Plaintiff incurred in the "litigation to set aside his disclaimer to any interest in his son's estate," stating:

> Ms. Stauffer with the assistance of her counsel engaged in protracted litigation to defeat Mr. Hydock's petition to set aside the disclaimer, filing petitions for discovery, a motion for summary judgment, as well as an appeal of the adverse ruling — which was subsequently abandoned – and filing her account months after it was due. Moreover, even in this Account, the former administratrix, with the same counsel listed on the cover sheet, failed to identify Hydock in the Proposed Statement of Distribution as the intestate beneficicary of the estate, stating, instead, that distribution was "to be determined by the Court Order." This conduct is likewise "dilatory, obdurate and vexatious" under section 2503(7). It cannot be attributed to the administratrix alone, but was clearly facilitated by her counsel. Neither the

---

[5] Section 102 defines the term "party" as "[a] person who commences or against whom relief is sought in a matter" and "includes counsel for such a person who is represented by counsel." 42 Pa.C.S.A. §102. Utilizing this definition, Defendant was a party in the Disclaimer litigation.

> administratrix or her counsel can plead ignorance of Mr. Hydock's
> status as sole beneficiary since the record indicates that he and his
> son's deceased mother were listed on July 10, 2002 petition for the
> grant of letters as the sole beneficiaries of the estate.

Judge Herron's Opinion, dated July 11, 2007, at 13-14.

In *In re Connor*, 302 B.R. 509 (Bankr. W.D. Pa. 2003), plaintiffs and debtors were involved in a pre-petition state court action to quiet title which resulted in summary judgment in favor of the plaintiffs. Thereafter, plaintiffs moved for an award of counsel fees and expenses in accordance with 42 Pa.C.S.A.. § 2503(6).[6] After an evidentiary hearing, the state court found that the debtors' conduct had been "dilatory, obdurate and vexatious" during the state court litigation and awarded plaintiffs $5,718.69 for counsel fees and expenses. Debtors subsequently filed for bankruptcy and plaintiffs objected to the discharge of debtors' debt to them (the state court award of $5,718.69 for counsel fees and expenses) under §523(a)(6). Based on the transcript of the state court hearing on plaintiffs' motion under 42 Pa.C.S.A. § 2503(6), the bankruptcy court stated:

> We ... conclude, based on undisputed material facts that debtors'
> conduct during the pendency of the action to quiet title, which
> conduct that state court determined was dilatory, obdurate and
> vexatious, gave rise to a debt for willful and malicious injury to
> plaintiffs or their property for purposes of §523(a)(6).

---

[6] This provision states:

> The following participants shall be entitled to a reasonable counsel fee as
> part of the taxable costs of the matter:
>
> * * *
>
> (6) Any participant who is awarded counsel fees as a sanction
> against another participant for violation of any general rule which
> expressly prescribes the award of counsel fees as a sanction for dilatory,
> obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503(6).

302 B.R. at 515. Based on the factual conclusions quoted above from pages 13-14 of Judge Herron's opinion, dated July 11, 2007, and viewing the allegations in the light most favorable to the plaintiff as required on a motion to dismiss, plaintiffs have sufficiently alleged a claim upon which relief can be granted under §523(a)(6).

*Summary*

For the reasons set forth above, the Motion shall be denied. While the Complaint fails to state a claim under 11 U.S.C. §§ 523(a)(2)(B) and 523(a)(4), it does state a claim under 11 U.S.C. §523(a)(6).

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: April 3, 2008

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| | : |
| OSCAR SELIG SCHERMER, | : |
|         DEBTOR. | : BANKRUPTCY NO. 07-14446 SR |
| | |
| JOSEPH EDWARD HYDOCK, II, | : |
|         PLAINTIFF, | : |
|       V. | : |
| OSCAR S. SCHERMER, | : ADVERSARY NO. 07-373 |
|         DEFENDANT. | : |

# ORDER

**AND NOW,** upon consideration of the Debtor's Motion under Fed.R.Civ.P. 12(b)(6) to Dismiss the Adversary Complaint ("Motion"), and after a hearing with notice, and for the reasons set forth in the attached Opinion, it is hereby **ORDERED** that:

1. The Motion is **Granted in part, and Denied in part;**

2. The Complaint fails to state a claim under 11 U.S.C. §§523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(19), which counts are thus dismissed. It states a claim under 11 U.S.C. §523(a)(6); and

3. Defendant, Oscar S. Schermer, shall file an answer to the Complaint to the extent not dismissed within the time prescribed by Rule 7012(a) of the Federal Rules of Bankruptcy Procedure.

By the Court:

*Stephen Raslavich*

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>April 3, 2008</u>

COPIES TO:

Plaintiff's Counsel
Ralph D. Friedman, Esquire
Friedman and Friedman
261 Old York Road
The Pavilion   Suite  534
Jenkintown, PA 19046

Stephen C. Josel, Esquire
Josel & Felenane
2019 Walnut Street
Philadelphia, PA 19103

Debtor's Counsel
Karl Prior, Esquire
Mannion Prior, LLP
550 American Avenue, Suite 302
King of Prussia, PA 19406

Harry J. Giacometti, Esquire
Smith Giacometti, LLC
The Land Title Bldg
100 South Broad Street
Suite 1200
Philadelphia, PA 19110

Chapter 13 Trustee
Lawrence Lichtenstein, Esquire
127 The Mews
Haddonfield, NJ 08033

U.S. Trustee
George Conway, Esquire
Office Of The U.S. Trustee
950W Curtis Center
7th & Sansom Streets
Philadelphia PA  19106

Courtroom Deputy
Nancy Mulvehill

2